## WOODWARD & A. v. SHERMAN & A.

A, B, and C entrusted with D, a dealer in horses, one horse each, belonging to them individually, to be sold. D sold the three horses together to the defendants, on credit, for $650,—no separate price being made for either of them in the trade. The three individual owners afterwards joined in an action of assumpsit against the purchaser to recover the price. *Held*, that the action could not be maintained.

ASSUMPSIT, by Lyman Woodward, Lorenzo Stearns, and Warren Adams against Morgan J. Sherman and another, brought to recover the price of three horses which the plaintiffs claimed were sold by their agent to the defendants.

The plaintiffs introduced John Adams, a witness, who testified that he and the plaintiffs resided in Vermont, and that for many years past he had bought and sold horses for others ; that about the middle of August, 1869, these plaintiffs, and one other person living in the same neighborhood, entrusted him with one horse each, belonging to them individually, to take off and sell to the best advantage, neither of them limiting him in price or in the manner of disposing of them ; that he started for Boston through Keene ; that on arriving at Keene he sold the three horses belonging to the plaintiffs all together for the price of $650, without making any separate price for either of the horses, which differed considerably in appearance and value, and without informing the defendants that they belonged to different parties until after sale and delivery. The plaintiff rested his case on the foregoing evidence ; and the defendants moved for a nonsuit on the ground of a misjoinder of parties, claiming that several actions should have been brought, and that a joint action could not be maintained. On this ground the court ordered a nonsuit; to which the plaintiffs excepted.

*Lane & Healey*, for the plaintiffs, cited 1 Rol. Ab. 31, pl. 9 ; 1 Ch. Pl. 9, 10 ; 1 Saund. Pl. & Ev. 169 ; *Shearman* v. *Akins*, 4 Pick. 282 ; *Wright* v. *Post*, 3 Conn. 142.

*Wheeler & Faulkner*, for the defendants, cited *Warren* v. *Batchelder*, 15 N. H. 129 ; Hammond on Parties to Actions 20 ; 1 Par. Con. 19 ; 1 Chitty Con. 10 ; *Palmer* v. *Sparshott*, 4 M. & G. 137 ; *Seaton* v. *Booth*, 4 A. & E. 528 ; *Boggs* v. *Curtin*, 10 S. & R. 211 ; *Eccleston* v. *Clipsham*, 1 Saund. 153, and notes ; *Farmer* v. *Stewart*, 2 N. H. 97 ; *Pearson* v. *Parker*, 3 N. H. 366 ; *Pickering* v. *DeRochemont*, 45 N. H. 67 ; *Hutchins* v. *Gilman*, 9 N. H. 361.

LADD, J.   The question is, Was there any evidence tending to show that the plaintiffs jointly entered into a contract with the defendant in the sale of the horses ?   We think it very clear there was not.

In the first place, their interest in the property was several ; each was the owner of one horse, and had no property in either of the others;—and, in the second place, there was no evidence of any agreement between the several owners that the horses should be sold together, as they were sold, and the proceeds divided among them on any basis. The plaintiffs, therefore, were neither joint owners, nor copartners in the transaction. There was no privity or community of interest among them, and no subsequent ratification of the act of their several agent, Adams, can change several executed separate contracts into one joint contract. The order for a nonsuit

*Must be sustained.*